# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

ANTHONY C. WADE, JR.,
    *Plaintiff*,

v.

WARDEN CAROL CHAPDELAINE,
    *Defendant*.

No. 3:17-cv-00350 (JAM)

**ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915A**

    Plaintiff Anthony C. Wade, Jr., is confined at the MacDougall-Walker Correctional Institution in Connecticut. He has filed a complaint *pro se* and *in forma pauperis* under 42 U.S.C. § 1983, alleging that defendant Warden Carol Chapdelaine violated his Eighth Amendment rights because he was exposed to friable asbestos and mold. For the reasons set forth below, I will dismiss the complaint without prejudice pursuant to 28 U.S.C. § 1915A.

## BACKGROUND

    The following allegations from plaintiff's complaint are accepted as true only for purposes of the Court's initial review. Plaintiff was incarcerated at Osborn (formerly Somers) Correctional Institution for many years, including between 1981 and 1989, 2005 and 2006, and 2010 and 2013. While at Osborn, plaintiff spent a considerable amount of time housed in the Q block. Within the past year, however, the Department of Corrections has closed down the Q block because of the presence of mold and friable asbestos, and has begun remediation to that area. In 2016, plaintiff learned for the first time that he has a spot on his lung that is indicative of incurable lung cancer. He also learned for the first time in 2016 that a spot on his lung had been found in 2011, while he was incarcerated at Osborn, even though the Department of Corrections doctor never told him about the presence of the spot. Plaintiff claims that he developed cancer because of his exposure to friable asbestos and mold, and seeks monetary damages.

**DISCUSSION**

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss . . . any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id.* The allegations of a *pro se* plaintiff's complaint must be read liberally to raise the strongest arguments that they suggest. *See Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

In recent years, the Supreme Court has set forth a threshold "plausibility" pleading standard for courts to evaluate the adequacy of federal court complaints. A complaint must allege enough facts—as distinct from legal conclusions—that give rise to plausible grounds for relief. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Notwithstanding the rule of liberal interpretation of a *pro se* complaint, a *pro se* complaint may not survive dismissal if its factual allegations do not meet the basic plausibility standard. *See, e.g.*, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).

The Eighth Amendment to the U.S. Constitution prohibits the imposition of cruel and unusual punishment. It is well established that "a prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). To show that a prison official has violated the Eighth Amendment, a prisoner must demonstrate (1) that the conditions of confinement objectively posed "a substantial risk of serious harm," and (2) that the prison official acted subjectively with at least "deliberate indifference" to the inmate's health or safety. *Id.* at 834.

Plaintiff's complaint sufficiently alleges an objectively substantial risk of serious harm

because of his exposure to friable asbestos and mold. *See LaBounty v. Coughlin*, 137 F.3d 68, 72–73 (2d Cir. 1988) (exposure to friable asbestos may violate the Eighth Amendment); *Pratt v. City of N.Y.*, 929 F. Supp. 2d 314, 320 (S.D.N.Y. 2013) ("Exposure to friable asbestos poses a sufficiently serious risk to health to satisfy the objective prong of an Eighth Amendment claim.").

But plaintiff's complaint does not allege the subjective component of the Eighth Amendment inquiry: that Warden Chapdelaine knew of the presence of friable asbestos and mold and, despite this knowledge, allowed plaintiff to continue to be exposed to toxins that posed a substantial risk of serious harm. *See LaBounty*, 137 F.3d at 73 (complaint must allege "that the defendants knew of the health dangers and yet refused to remedy the situation, constituting deliberate indifference"); *see also Farmer*, 511 U.S. at 837 ("a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he [or she] must also draw the inference."). Nor has plaintiff identified whether Warden Chapdelaine was the warden of Osborn at the time that plaintiff was housed there and he was allegedly exposed to asbestos and mold.[1] Moreover, to the extent that the complaint faults medical personnel for failing to disclose information to plaintiff in 2011, the complaint does not allege facts that plausibly establish Warden Chapdelaine's responsibility for the alleged misconduct of prison medical personnel.

Because plaintiff has not alleged that Warden Chapdelaine knew of the presence of friable asbestos and mold or that Warden Chapdelaine knew that plaintiff was not timely advised

---

[1] *See* http://www.ct.gov/doc/site/default.asp (indicating that Chapdelaine was warden of Osborn from 2009

of his medical condition by prison medical personnel, he has not plausibly alleged a claim of deliberate indifference in violation of the Eighth Amendment. The claim against Warden Chapdelaine is dismissed without prejudice to refiling in the event plaintiff can in good faith plead facts sufficient to allege that Warden Chapdelaine or any other named defendant knew of and disregarded a substantial risk of serious harm to plaintiff based on the conditions in Q block.[2] To the extent plaintiff's complaint also alleges a state-law claim of medical malpractice, the Court declines to exercise supplemental jurisdiction, *see* 28 U.S.C. § 1367(c)(3), and, in any event, plaintiff has failed to name the doctor who allegedly found and yet did not reveal to plaintiff the spot on his lung in 2011.

## CONCLUSION

For the reasons set forth above, the complaint is DISMISSED pursuant to 28 U.S.C. § 1915A without prejudice to refiling. If plaintiff believes in good faith that he is able to allege facts indicating that any defendant acted with intentional or deliberate indifference, then he may file a motion to reopen this case along with a proposed amended complaint stating such additional facts within 30 days of this ruling by May 24, 2017.

It is so ordered.

Dated at New Haven, Connecticut this 24th day of April 2017.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge

---

to 2014 under tab on left side of page: Facilities, Osborn CI, List of past wardens).

[2] *See, e.g.*, *Toliver v. Semple*, No. 16cv1899(SRU), at Doc. #5 (prisoner who had been housed in Q block between 2011 and 2015 stated plausible Eighth Amendment claim for unconstitutional conditions of confinement by alleging exposure to PCBs, friable asbestos, and yellow mold, and attached to his complaint a 2011 memo to DOC officials, which was copied to Warden Chapdelaine, reporting elevated PCB levels in Q block, available at 2016 WL 7115942); Doc. #1 to *id.* (complaint and attachments).